Filed 1/19/24  Schuster v. Weinert CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ERICA SCHUSTER,<br><br>        Respondent,<br><br>v.<br><br>RYAN WEINERT,<br><br>        Appellant. | A166413<br><br>(Humboldt County<br>Super. Ct. No. FL2101022) |

Ryan Weinert appeals from a Domestic Violence Restraining Order (DVRO) obtained by respondent Erica Schuster in family law proceedings related to their child (Minor).  The arguments in the appellant's brief filed by The Appellate Law Firm involve matters unrelated to the order appealed from, egregious mischaracterizations of the family court's rulings, reliance on trial evidence not in the record, and assertions unsupported by any legal authority.  We dismiss the appeal as frivolous and impose sanctions of $9,421.50 against The Appellate Law Firm.[1]

---

[1] At oral argument, Weinert personally appeared and asked to substitute in as his own counsel of record.  The court indicated that it did not intend to issue sanctions against Weinert based upon a frivolous appeal or delay tactics, but against the law firm that filed the brief.  Counsel from The Appellate Law Firm, former appellate counsel to Weinert, was permitted to and did address the propriety of sanctions as to the law firm.  Weinert was permitted to and did address the merits of the appeal.

1

## MEMORANDUM OPINION[2]

Schuster filed a petition for legal and physical custody of Minor in December 2021. Schuster then filed a request for a DVRO. The DVRO request alleged, among other things, that Weinert was harassing Schuster on the shared parenting application they used to communicate about Minor. The family court granted a temporary restraining order (TRO) against Weinert for no contact with Schuster except "brief and peaceful contact" to communicate about Minor for court-ordered visits.

A three-day trial was held on the DVRO request and child custody in August 2022. The family court made an oral pronouncement at the conclusion of the trial, finding Weinert's behavior rose to the level of domestic violence under the Domestic Violence Protection Act (DVPA) (Fam. Code, § 6200 et seq.) and citing "the texts . . . especially with regard to the fact that Mr. Weinert continually. . . commented in negative ways to Ms. Schuster despite the testimony that there were repeated attempts asking Mr. Weinert to stop doing that." The court also found that Schuster "did testify credibly" that Weinert had sent her documents in violation of the TRO, which was "prima facie evidence of harassment and the disturbing of the peace." It continued: "With the ruling on the DVRO, the Court does order, based on the discussed behaviors, that the best interest of [Minor], then, would be for custody to be provided to [Schuster]" with visitation to Weinert. A DVRO was entered on August 29, 2022. It attached a custody and visitation order granting legal and physical custody of Minor to Schuster.

---

[2] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.

2

Weinert appealed. Schuster filed a motion for attorney fees and/or sanctions under California Rules of Court, rule 8.276[3] against both Weinert and The Appellate Law Firm. The motion included a declaration from Schuster's counsel Edward Schrock that she had been billed $6,009.50 (at a discounted rate) for his preparation of the respondent's brief. It also included a declaration from Schuster's other counsel, Richard Moller, that he had agreed to assist with the respondent's brief for $1,200. The motion requested attorney fees plus $412 in costs for filing the brief. We ordered that the motion would be considered with the appeal and notified Weinert and The Appellate Law Firm that we were considering imposing sanctions. The Appellate Law Firm then filed an opposition to the motion, contending that the arguments in the appellant's brief were not frivolous. The opposition did not include any argument regarding the amount of fees or costs requested in the motion.

"California courts have the inherent power to dismiss frivolous appeals" and " '[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just.' " (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516 (*Gong*); Code of Civ. Proc., § 907.) Rule 8.276, subdivision (a)(1) provides that we may impose sanctions on a party or attorney for "[t]aking a frivolous appeal or appealing solely to cause delay." The first standard is objective: an appeal is objectively frivolous "when a reasonable person would 'agree that the appeal is completely devoid of merit.' " (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 79 (*Deal*).) The second standard is subjective, focused on the motives and "good faith" of appellant and counsel. (*Gong*, at p. 516.) " 'While

---

[3] Undesignated rule references are to the California Rules of Court.

3

each of the above standards provides *independent* authority for a sanctions award, in practice the two standards usually are used together "with one providing evidence of the other.  Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." ' " (*Ibid*.)  Sanctions "should be used sparingly to deter only the most egregious conduct," but they are imposed " ' "to discourage further frivolous appeals, and to compensate for the loss that results from the delay." ' "  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651; *Deal*, at p. 79.)

All seven arguments in the appellant's brief show that the appeal here is objectively frivolous and intended to delay.  First, the brief argues the family court "abused its discretion in failing to enforce subpoenas," identifying subpoenas purportedly issued to the parties' mediator Joseph Hale, a car dealership, and a police officer.  The record shows that at least one of those subpoenas was unrelated to the trial on the DVRO:  Weinert had filed a subpoena for Hale to appear at an earlier proceeding on Weinert's request for an emergency temporary custody order.  The brief offers nothing to show that the other two subpoenas were served, or that Weinert requested the court take any action on these subpoenas (let alone that any failure to act was an abuse of discretion).

Second, the brief argues that the family court erred in finding Weinert in contempt but fails to cite any such finding in the record.  (Rule 8.204(a)(1)(C) [matters must be supported by citation to record].)  Schuster had previously filed an order to show cause for contempt, but dismissed it before the trial on the DVRO.  The brief appears to argue that the *TRO* (not the DVRO) was "predicated" on this contempt *charge* (the allegations, not any finding by the court).  Any information considered by the trial court prior to

4

issuance of the ex parte TRO is not before this court on appeal. Only the restraining order after hearing dated August 29, 2022, was appealed.

Third, appellant's brief argues there was no substantial evidence to support a determination limiting Weinert's ability to manage Minor's medical care. The brief does not address Family Code section 3044's rebuttable presumption that joint legal and physical custody is not in the best interests of a child following the decision to grant a request for a domestic violence restraining order. Instead, the brief argues that the evidence did not support a finding that Weinert "made [Minor's] doctor's appointments during [Schuster's] parenting time," and thus he should not have been deprived of parental rights over Minor's medical care. As a preliminary matter, the brief fails to cite the record showing the court relied on this evidence to find that providing legal custody (including decisions on health care) to Schuster was in the Minor's best interests. Even if it did, the brief disputes this evidence by pointing to testimony from Minor's doctor that is not in the record. We cannot analyze a substantial evidence argument without an adequate record, including portions of the record that appellant has argued are relevant. (See, e.g., *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 189 ["Without a proper record, there is no way for this court to find that the trial court's conclusions were not supported by substantial evidence"].)[4] The brief also refers to documents Weinert presented on his earlier request for an

---

[4] At oral argument, Weinert suggested the trial court failed to provide the complete trial record and that this omission was intentional. Weinert bore the burden of ensuring an adequate record for review on appeal or pursuing appropriate remedies if he believed the record was not provided in error. (See, e.g., *World Business Academy v. State Lands Commission* (2018) 24 Cal.App.5th 476, 492–493.)

5

emergency temporary custody order, without any citation that this was evidence admitted in the DVRO trial.

Fourth, the brief argues there was no substantial evidence to support the DVRO because Schuster "manipulated text messages that were presented to the trial court," but the trial exhibits—including the voluminous text or Family Wizard messages—are not included in the record. Again, we cannot reach the merits of an argument without an adequate record of the evidence. (*Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 186.)

Fifth, the brief argues Schuster made "unfounded allegations of physical incidents" that did not support her earlier request for an emergency temporary custody order. This is not an argument related to the DVRO, as the brief appears to concede that Schuster did not raise these "incidents" after previously alleging them.

Sixth, the brief argues that the trial court "abused its discretion in denying [Weinert's] request for a continuance in order to have a witness testify." This is a gross mischaracterization of the trial court's ruling. Weinert had an allotment of time to present evidence at the DVRO trial. Towards the end of that time, Weinert stated: "I just don't think that I will have enough time for [witness] to come down based upon being an hour. Is there a possibility, your Honor, that I'm able to get any more time?" The court responded, "No, sir." Appellant has provided no authority for any argument that the trial court abused its discretion in declining Weinert's request for additional time. (Rule 8.204(a)(1)(B) [matters should be supported by citation to legal authority where possible].)

Seventh, the brief includes an improper catch-all section that the family court made "additional blatant mistakes" warranting reversal. (Rule 8.204(a)(1)(B) [brief must state each point under a separate heading or

6

subheading summarizing the point].) It contends that Weinert was "forced to take pictures" of trial evidence, because the family court "warned him that he would not be allowed to see those records again." There is no citation to the record to support this assertion, but appears to be related to the parties' *stipulation* to the return of the trial exhibits.

The brief then argues that the family court erred because it "only allow[ed] the viewing of the videos [presented at trial by Weinert] silently, significantly weakening their impact and probative value." Weinert does not cite to any evidence in the trial record to support this argument. Indeed, the reporter's transcript shows that Weinert's videos were played but audio was not reported.

Despite arguing that police call logs were improperly excluded from trial—citing only to a sustained objection that Weinert had to lay foundation before questioning Schuster about the logs—the brief goes on to argue that any "documents or reports" from police or the mediator were "improperly admitted." As there is no specific evidence identified, nor any citation to the record, we are unable to address the argument. (Rule 8.204(a)(1)(C).)

In sum, all of the arguments presented in the appellant's brief involve matters unrelated to the DVRO, egregious mischaracterizations of the court's rulings, arguments concerning documents in the court file not presented at trial, arguments concerning trial evidence not in the appellate record, and assertions unsupported by any legal authority. Any reasonable attorney would agree that the arguments as presented are completely without merit.[5]

---

[5] At oral argument, Weinert raised additional arguments that were not contained in the appellant's brief. These arguments are forfeited. (*Palp, Inc. v. Williamsburg National Ins. Co.* (2011) 200 Cal.App.4th 282, 291, fn. 2

(*Deal*, *supra*, 80 Cal.App.5th at p. 79.)  The appeal is thus frivolous and warrants sanctions.  (*Gong*, *supra*, 163 Cal.App.4th at p. 516.)  The tone of the brief further supports this conclusion.  "[A]n unsupported appellate tirade is more than just words on paper; it represents a real cost to the opposing party and to the state."  (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 32–33.)

At oral argument, the court clarified that sanctions would not be imposed against Weinert, but solely against the law firm that filed the challenged brief.  (See Rule 8.276 [appellate court may impose sanctions against party or attorney]; *Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 837 [same] (*Malek*); see also Code Civ. Proc. §128.5, subd. (f)(1)(C) ["Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees"].)  "Sanctions are appropriate when appellant's counsel had a professional obligation not to pursue the appeal or should have declined the case outright."  (*Ibid.*)  "Sanctions against the party are appropriate when the record indicates the party benefitted from the delay or was otherwise involved in the bad faith conduct."  (*Ibid.*)

We conclude that sanctions are appropriate against The Appellate Law Firm only.  As explained above, the arguments in the firm's brief violate the Rules of Court and are not supported by even a cursory reading of the record presented, let alone a " 'careful reading of the record or the law.' "  (*J.B.B. Investment Partners Ltd. v. Fair* (2019) 37 Cal.App.5th 1, 17.)  There is no evidence, however, that Weinert directly participated in this appeal:  the notice of appeal and appellant's brief were both filed by The Appellate Law

_____

[" 'We do not consider arguments that are raised for the first time at oral argument' "].)

8

Firm.  Nor is there any evidence that Weinert knew the arguments in the brief were indisputably without merit, or that he benefitted from the delay. (*Cf. Gong, supra*, 163 Cal.App.4th at p. 519 [appellant benefited from continuing to delay satisfaction of monetary obligations].)

We impose $9,421.50 in sanctions to compensate Schuster for the loss resulting from this frivolous appeal.  (*Deal, supra*, 80 Cal.App.5th at p. 79.) Factors relevant to determining the amount of sanctions include " 'the amount of respondent's attorney fees on appeal; the amount of the judgment against appellant; the degree of objective frivolousness and delay; and the need for discouragement of like conduct in the future.' " (*Gong, supra*, 163 Cal.App.4th at p. 519.)  Schuster's counsel filed declarations that $7,209.50 was incurred preparing the respondent's brief.  We find this amount, plus the $412 filing fee and $1,800 for four hours of attorney time to prepare and attend oral argument (as requested by Moller at oral argument), appropriate. This opinion constitutes a written statement of our reasons for imposing sanctions.  (See *In re Marriage of Flaherty, supra*, 31 Cal.3d at p. 654.)

## DISPOSITION

The appeal is dismissed.  Schuster is entitled to her costs on appeal. (Rule 8.278(a)(2).)  The Appellate Law Firm is ordered to pay $9,421.50 in sanctions to Schuster for bringing this frivolous appeal.  (Rule 8.276(a)(1).) The clerk of this court and The Appellate Law Firm are each directed to forward a copy of this opinion to the State Bar of California upon issuance of the remittitur.  (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3), 6068, subd. (o)(3).) This opinion serves as notice to counsel that the matter of the sanctions imposed has been referred to the State Bar.  (Bus. & Prof. Code, § 6086.7, subd. (b).)

9

GETTY, J.[*]


WE CONCUR:


HUMES, P. J.


BANKE, J.


A166413


---

[*] Judge of the Solano County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.